IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (No. VI)

This Document Relates To

REGGY TAYLOR, Individually, KATHY : CIVIL ACTION NO. MDL 875
LANE, Individually, and ROBERT M. :
TAYLOR, Individually and as Personal : EDPA CIVIL ACTION NO. 09-cv-80102
Representative of the Estate of Rose Taylor :
Deceased, :
                 Plaintiffs, :
v. :

LUCENT TECHNOLOGIES NC, et al. :

                 Defendants. :

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                        January 31, 2011

### I.   Introduction

Plaintiffs filed this asbestos personal injury action in the United States District Court for the Western District of Texas on January 7, 2008, alleging that Rose Taylor developed mesothelioma as a result of her paraoccupational exposure to asbestos from defendants' products. On August 19, 2009, the case was transferred to the Eastern District of Pennsylvania to be included in the Asbestos Multidistrict Litigation (MDL-875), now assigned to the Honorable Eduardo Rebreno. (Docs. 1, 2.) The Presiding Judge has referred the case to us for all pretrial management (Doc. 16) and for report and recommendation with regard to dispositive motions (Doc. 89).

Alcatel Lucent USA, Inc. (alternately "Defendant" or "Lucent"), successor in interest to

Western Electric Company, Inc., is now the only remaining defendant. The litigation has been heavily contested, with numerous discovery disputes and voluminous motions, including dispositive and limine motions. Argument was held with regard the parties' respective motions on November 2, 2010 (Doc. 100), after which three additional motions were filed. (Docs. 97, 106, 107.) Responses and replies to those motions have been filed, and they are now ripe for review.[1] Those motions, which we consider herein, are: (1) Defendant's "Motion to Determine the Sufficiency of Answers 1-15 to Defendant's Second Request for Admissions" (Doc. 97); (2) Plaintiff's motion for leave to supplement the record in support of their response to Lucent's motion for summary judgment (Doc. 106); and (3) Plaintiff's motion for leave to file supplemental declarations of Jerry Lauderdale, Samuel Hammar, Stephen Dikman and Edward Holstein (Doc. 107). For the reasons that follow, we will deny Defendant's motion, sustain Plaintiffs' objections to Defendant's requests for admissions, deem their answers sufficient, and grant Plaintiffs' motions to supplement the record.

II. **Defendant's "Motion to Determine the Sufficiency of Answers 1-15 to Defendant's Second Request for Admissions" (Doc. 97)**

Defendant has filed a "Motion to Determine the Sufficiency of Answers 1-15 to Defendant's Second Request for Admissions" (Doc. 97), asking this Court to deem those answers insufficient and deem those answers admitted. Plaintiff has filed a response (Doc. 103), Defendant has replied (Doc. 104), and the motion is now ripe for review. The motion concerns requests for admissions propounded by Lucent concerning five bankruptcy trusts against which

---

[1] We observe that the court has deferred ruling on these motions until this time as the parties were actively engaged in a mediation process until about one week ago. Regrettably, that process has failed to bring about a resolution of the case.

2

Plaintiffs filed applications seeking compensation for asbestos exposure from their products. For each defendant, Lucent asked Plaintiffs to:

    i.       Admit that Rose Taylor was exposed to asbestos from asbestos-containing products manufactured by [Individual Bankrupt Entity] on a regular basis.
    ii.      Admit that rose Taylor's exposure to asbestos from asbestos-containing products manufactured by [Individual Bankrupt Entity] was a substantial factor in causing her mesothelioma and death.
    iii.     Admit that Rose Taylor's exposure to asbestos from asbestos-containing products manufactured by [Individual Bankrupt Entity] was in sufficient amounts as to increase the risk of her developing mesothelioma.

(Doc. 97 at 4.)

Plaintiffs provided the following responses with respect to each bankruptcy trust:

    i.       Plaintiffs object to the Request because the term "regular basis" is vague and ambiguous and therefore Plaintiffs can neither admit nor deny the Request as stated. Subject to and without waiving this objection, Plaintiffs state that although there is minimal evidence that Rose Taylor may have been exposed to [Individual Bankrupt Entity] asbestos containing products to qualify for a modest bankruptcy claim, the evidence is inadequate to establish exposure levels on a sufficiently regular basis to prove causation under Texas Law, and therefore Plaintiffs Deny.
    ii.      Denied
    iii.     Plaintiffs object because the Request calls for a medical opinion which Plaintiffs are not qualified to give and because the phrase "sufficient amounts to increase the risk of her developing mesothelioma" is ambiguous. Although there is minimal evidence that Rose Taylor may have been exposed to [Individual Bankrupt Entity] asbestos containing products to qualify for a modest bankruptcy claim, the evidence is inadequate to establish exposure levels sufficient to prove causation under Texas Law, therefore, Plaintiffs Deny.

(*Id.* at 4-5.)[2]

Rule of Civil Procedure 36 governs requests for admissions and answers thereto. The rule provides, with regard to answering requests for admissions, that "if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully

---

[2]For the sake of clarity, we will identify Defendant's requests for admissions, and Plaintiff's responses thereto, simply as request or response "(i)," "(ii)," and "(iii)."

admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed.R.Civ.Pro 36(a)(4). The rule also allows a responding party to object, so long as the grounds for the objection is stated. Fed.R.Civ.Pro 36(a)(5). The requesting party may move to challenge an objection or the sufficiency of an answer. If the court overrules an objection, it must order an answer to be served. Fed.R.Civ.Pro 36(a)(6). If the court finds an answer to be insufficient, it may deem the matter admitted or order that an amended answer be served. *Id.*

Defendant requests that Plaintiffs' objections be overruled, their answers be deemed insufficient, and that the requests be deemed admitted. It offers three arguments in support of these requests: (1) Plaintiffs' answers are "at odds" with statements made in filings made with the various bankruptcy trusts, and are therefore not made in good faith; (2) Plaintiffs' answers, considered in light of their qualifications, do not "fairly respond to the substance of the matter," as required by Rule 36; and (3) Plaintiffs' response to request (iii) is misleading in light of the opinions offered by Plaintiffs' experts that a "single fiber" of asbestos is sufficient to cause asbestos-related disease. (Doc. 97 at 4-5.) We will address these arguments in turn.

First, upon comparison of Plaintiffs' responses to the bankruptcy trust filings (Doc. 97, Exs. A, B), we disagree with Defendant that there is an inconsistency between Plaintiffs' answers and the bankruptcy filings. As Plaintiffs point out, the bankruptcy filings do not ask for information regarding the frequency of any alleged exposures, specific products to which exposure is alleged, or make reference to any standard of causation. (Doc. 97, Exs. A, B.) Plaintiffs' answers to the effect that there is some minimal evidence of exposure with regard to

4

these bankrupt entities, but insufficient evidence to state that exposures were "regular," or substantial factors in causing Plaintiffs' disease is not necessarily inconsistent with the bankruptcy filings. Further, Plaintiffs have objected to request (i), asserting that the term "regular basis" is vague. We find this objection to have merit. The descriptor "regular basis" is conclusory and could properly be subject to varied interpretations. Accordingly, we will sustain this objection.

Second, Plaintiffs answers fairly respond to the substance of Defendants' requests. The requests essentially ask Plaintiffs to admit that Ms. Taylor was exposed to products manufactured by the various bankrupt entities, and to admit that these exposures were "causes" of her disease by incorporating certain portions of a causation standard into their requests. Plaintiffs responded by admitting that Ms. Taylor was exposed, but denying that there is sufficient evidence that these exposures were "regular" or meet the "substantial factor" causation standard. We are unable to conclude under the circumstances presented here that these responses are inaccurate. Further, since Plaintiffs objected to requests (i) and (iii), they were not required to provide any answer to those requests until the court ruled on their objections. Fed.R.Civ.Pro 36(a)(5). The court has now sustained those objections, so Plaintiffs need not provide an answer in any event.

Finally, Defendants' reliance on Plaintiffs' expert opinions is misplaced. First, Defendants fail to identify where in any of their reports Plaintiffs' experts offer the opinion that a "single fiber" of asbestos is sufficient to cause asbestos-related disease. Second, we find Plaintiffs' objection to request (iii) to be meritorious as it calls for a medical opinion, which Plaintiffs are plainly not qualified to give. Further, we are not convinced at this stage that Plaintiffs' experts would be qualified to offer such an opinion without any particular evidence

regarding the nature, frequency, and duration of these purported exposures. Accordingly, we will sustain Plaintiffs' objection with respect to request (iii).

We therefore will sustain Plaintiffs' objections to requests (i) and (iii) and find their answers to Defendants' requests for admissions to be sufficient under Rule 36. Defendant's motion is denied.

**II.    Plaintiff's Motion for Leave to Supplement the Record in Support of Their Response to Lucent's Motion for Summary Judgment (Doc. 106)**

In Plaintiffs first motion to supplement (Doc. 106.), they ask for leave to file verified supplemental reports by their experts Drs. Holstein and Hammar in support of their response to Defendant's motion for summary judgment. According to Plaintiffs, these reports would serve two purposes: (1) to provide verification of the reports so as to conform them to the requirements of Rule of Civil Procedure 56; and (2) to allow the experts to "further address causation in light of Lucent's argument relying on *Georgiz Pacific v. Bostic.* 2010 WL 3369605 (TX. App–Dallas)." (Doc. 106 at 4.) Defendant does not oppose this motion to the extent the content of the declarations is the same as the original reports (Doc. 106 at ¶ 4; Doc. 107 at 4), but argues that the supplemental reports should not be admitted in their entirety in that they are substantially different than the original reports, are submitted out of time, and Plaintiffs have not demonstrated good cause. (Doc. 107.)

A comparison of the original reports with the proposed supplemental reports fails to support Defendant's position that the reports are substantially different. With regard to Dr. Hammar, Defendant has only identified one distinction between his original and supplemental reports. In his original report, Dr. Hammar opined that "[b]ased on Mr. Lauderdale's exposure

6

dose range estimates and statements in his Declaration as indicated above, I conclude Rose Taylor's malignant peritoneal epithelial mesothelioma was caused by asbestos." (Doc. 67-17 at 3.) In the amended supplemental declaration, Dr. Hammar states, "I conclude Rose Taylor's malignant peritoneal epithelial mesothelioma was caused by paraoccupational exposure to asbestos cement conduit manufactured by Johns Manville, which Western Electric supplied to Bell Operating Companies, including Southwestern Bell Telephone." (Doc. 106-1.) This conclusion is identical in that the "exposure dose range estimates" identified in the original report include estimates for "asbestos cement conduit" used at Western Electric. (Doc. 67-17 at 2.) Dr. Hammar has not altered his opinion, but has simply incorporated the particular dose estimate into his conclusion paragraph. The substance of Dr. Hammar's reports are identical. Defendant has not identified any substantive inconsistency whatsoever between Dr. Holstein's August 5, 2010 report and the amended supplemental report of December 7, 2010. (Doc. 107 at 6-7.) In short, we find the two supplemental reports at issue to be substantially the same as the prior reports. Accordingly, Defendants' agreement to allow Plaintiffs to supplement these reports is binding, and we will grant Plaintiff's motion.

We note that Defendant also argues that Plaintiffs' expert opinions are insufficient to establish causation under Texas law. This argument has no bearing on the issue of whether Plaintiff may obtain leave from this court to supplement the expert reports. While it may have some bearing on the admissibility of the experts at trial or on whether Plaintiff's evidence is sufficient to survive summary judgment, that question is not before us on this motion.

Plaintiffs have also moved to submit supplemental declarations of Drs. Hammar, Holstein and Dikman in support of their Response to Lucent's Motion in Limine to exclude their

testimony. (Doc. 107.) Lucent does not oppose this motion in their Response. (Doc. 109.) It will be granted as unopposed.

## IV. Plaintiff's Motion for Leave to Fil the Supplemental Declaration of Jerry Lauderdale (Doc. 107)

Finally, Plaintiffs ask this Court for leave to file a supplemental declaration by Jerry Lauderdale, CIH, clarifying the basis of his opinions and methodology for calculating asbestos dose estimates for Ms. Taylor. (Doc. 107.) Lucent has opposed this motion, arguing that the submission is untimely and good cause has not been shown. (Doc. 109.) The supplemental declaration at issue merely explains Lauderdale's reliance on two studies, the reliability of which was challenged by Lucent at oral argument on their motion to exclude Lauderdale's testimony. (Doc. 107-1.) Plaintiffs represent that this was the first time Lucent raised the issue of the reliability of these studies as a basis for Lauderdale's dose estimates. (Doc. 107 at 2.) Plaintiffs further argue that Mr. Lauderdale would have been present at the November 2, 2010 hearing had the Court not informed counsel that his presence would be unnecessary. (*Id.*) Defendant argues that the report is out of time and no good cause has been shown.

We agree with Plaintiffs in large part, and so will grant them leave to submit Lauderdale's supplemental declaration. Although Lucent did mention the reliability of these studies in their motion (Doc.44 at 15), the argument was not developed until its reply brief (Doc. 77 at 10-12). Further, the supplemental declaration does not provide any new substantive opinions or additional bases for those opinion, but merely explains his reliance on particular studies placed in issue by Lucent. (Doc. 107-1.) In light of our indication to Plaintiffs that their experts would not be necessary at the November 2, 2010 hearing, we find it appropriate to

consider Lauderdale's explanation in deciding Lucent's motion to exclude his testimony. We do so and will grant Plaintiffs' motion.

An appropriate order will follow.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE